# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: August 31, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| LUCAS HINOJOSA, | * | Case No. 14-827V |
| | * | |
| | * | |
| Petitioner, | * | Special Master Dorsey |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal |
| AND HUMAN SERVICES, | * | Decision; Insufficient Proof of |
| | * | Causation; Influenza (Flu) Vaccine; |
| Respondent. | * | Neuropathy, Myositis. |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Ronald Craig Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
Adriana Ruth Teitel, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 8, 2014, Lucas Hinojosa ("petitioner") filed a petition for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that he developed suffered an injury, including, but not limited to, neuropathy and myositis, as a result of receiving a flu vaccination on September 20, 2011. See Petition at 1.

Respondent filed her Rule 4(c) report on January 7, 2015, stating that this case was not appropriate for compensation. Respondent stated that petitioner failed to provide preponderant evidence in support of the petition for compensation, and compensation under the Act for petitioner's injuries must be denied.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

1

On August 18, 2015, petitioner filed a motion for a dismissal decision. In the motion, petitioner states that he "has been unable to secure further evidence required by the Court to prove entitlement to compensation in the Vaccine Program." Motion for Dismissal at 1. Petitioner states that he understands that a decision by the Special Master will result in a judgment against him, and that such a judgment will end all rights in the Vaccine Program. Id. Respondent did not file a response to petitioner's motion.[2]

To receive compensation under the Vaccine Act, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury", nor does petitioner allege that he suffered a Table injury. Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that petitioner's injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner, however, has not offered a medical expert opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[2] On August 27, 2015, respondent's counsel confirmed via email to the undersigned's law clerk that she will not be filing a response to petitioner's Motion for a Decision Dismissing the Petition.